**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:21-CR-71 |
| | ) | 2:25-CV-452 |
| HAILEY GIST-HOLDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Hailey Gist-Holden was convicted of armed bank robbery and using a firearm during a crime of violence resulting in murder. During the commission of the crime, Gist-Holden brutally shot and killed a security guard standing on a sidewalk outside of a bank. Gist-Holden represented himself throughout the proceedings, including at trial and on appeal. His conviction and life sentence were affirmed on appeal. Now before me is Gist-Holden's section 2255 petition and numerous other related motions. Because Gist-Holden represented himself, the usual claim under section 2255 of ineffective assistance of counsel is out the window. Gist-Holden's section 2255 arguments largely fall into two categories—one, whether bank robbery constitutes a crime of violence under 18 U.S.C. § 924(c); and two, whether there was sufficient evidence at trial to convict him. The answer to both of these questions is unequivocally yes. Therefore, the section 2255 motion will be denied.

### Background

The extensive background of this case is fully set forth in my 48-page opinion

denying the motions to dismiss and motion to suppress evidence [DE 118], 16-page

opinion denying Gist-Holden's motion for a new trial [DE 399], as well as in the opinion

of the Seventh Circuit.  *See United States v. Gist-Holden*, No. 23-1755, 2024 WL 3374187

(7th Cir. July 11, 2024).  In addressing the pending petition, I assume familiarity with

those opinions, but I will recap the background that is essential for this motion under

section 2255.

Co-defendant James King pleaded guilty to Counts 1 and 2 of the superseding

indictment. [DE 132, 138.]  The government then filed a second superseding indictment

against Gist-Holden, Kenyon Hawkins (who ultimately admitted to being the getaway

driver), and Briana White (Gist-Holden's fiancé).  The second superseding indictment

charged Gist-Holden with armed bank robbery resulting in death in violation of 18

U.S.C. §§ 2113(a), (d) and (e) (Count One); and use of a firearm during a crime of

violence resulting in murder in violation of 18 U.S.C. § 924(c)(1)(A) and (j) (Count

Three). [DE 152.]  Hawkins and King cooperated with the government, pleaded guilty,

and testified convincingly against Gist-Holden.  White's case was severed from her co-

defendants, and she ultimately pleaded guilty as well.

As noted above, Gist-Holden represented himself during the nine-day jury trial

in October 2022, although his standby counsel was involved and assisted him in the

collection of evidence and at trial.  Gist-Holden was found guilty on both counts. [DE

323.]  He filed an exhaustive post-trial motion for new trial, which was denied. [DE 389,

399.]

On April 14, 2023, I sentenced Gist-Holden to a term of life imprisonment on both counts one and three, consecutive to each other.  [DE 410.]  Gist-Holden appealed his conviction to the Seventh Circuit, raising numerous grounds including a challenge to the sufficiency of the evidence and this Court's orders on his motions to suppress, and an argument that the government introduced false evidence against him.  *Gist-Holden*, 2024 WL 3374187.  On July 11, 2024, the Seventh Circuit denied Gist-Holden's appeal on all grounds and affirmed his conviction and sentence.  *Id.*  Gist-Holden filed a writ of certiorari with the United States Supreme Court which was denied on February 24, 2025.  *Hailey Gist-Holden v. United States,* 145 S. Ct. 1223 (Feb. 24, 2025).

Gist-Holden timely filed the instant motion to vacate under section 2255 on September 29, 2025. [DE 580.]  As has been his style, he then proceeded to submit a number of other filings.  Let's first go through what has already been ruled on.  After the government filed its response on December 1, 2025 [DE 588], Gist-Holden filed a motion for extension of time to file his reply, asking for a 60-day extension. [DE 589.]  I granted this motion, affording him up until March 9, 2026 to file a reply. [DE 591.] Then, after Gist-Holden filed some motions to amend and for discovery (which will be discussed below), he filed a motion to suspend the briefing schedule. [DE 597.] I denied this motion to suspend the briefing schedule, reasoning, "[t]he Court is confident it will be able to rule on the section 2255 motion and all of the associated motions based upon the written record before it after Gist-Holden files his reply brief (and if it determines otherwise, will at that time schedule an evidentiary hearing)." [DE 599 at 1.]

Gist-Holden then filed a Motion for Extension of Time and Motion Demanding Discovery and Trial Evidence and Exhibits. [DE 601.]  I denied the request for discovery and trial evidence and exhibits, but granted another extension of time to file his reply, making his deadline May 9, 2026. [DE 603.]  In this order, I also cautioned Gist-Holden "that this is the last extension of time that will be granted for him to file a reply brief and the Court will rule on his section 2255 motion after the May 9, 2026 deadline has passed, even if he has not filed a reply brief by then." [*Id.* at 2.] Gist-Holden placed his reply in the mail on April 29, 2026, and it was placed on the docket on May 19, 2026. [DE 605.]  Because it was timely sent from the prison, the arguments Gist-Holden set forth in his reply memorandum have been considered in ruling on his section 2255 petition.

As alluded to above, Gist-Holden filed a number of other motions associated with his 2255 petition, which are still pending: Motion for Judicial Notice of Adjudicative Facts [DE 593]; Motion to Compel/Inspect Discovery & Request for Documents [DE 594]; Motion for Leave to Amend Section 2255 Motion [DE 595]; Supplemental Motion to Vacate Pursuant to § 2255 [DE 596]; Motion for Evidentiary Hearing [DE 598]; Motion for Hearing [DE 600]; Motion for Leave to Amend 2255 Motion [DE 602]; and Motion for Recusal/Disqualification of Trial Judge [DE 604].  I will address these collateral motions at the beginning of this order, so the scope of this opinion is clear.

**Discussion**

4

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  Generally, relief under section 2255 may only be granted if there is "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2007).

In assessing Gist-Holden's motion, I am mindful of the well-settled principle that, when interpreting a pro se petitioner's section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).  On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Riley v. United States*, No. 2:05-cv-380, 2006 WL 2849721, at *2 (N.D. Ind. Sept. 28, 2006) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).

## I.    Motion to Recuse

Gist-Holden filed a motion to recuse the trial judge (me) from ruling on his section 2255 motion. [DE 604.]  He contends I have "a direct and personal interest in reaching a conclusion against Mr. Gist-Holden," I "will not follow the law because [I] believe Mr. Gist-Holden should be in prison for the rest of his life," and my "statements, denial of simple motions, rulings contrary to law and aggressiveness on rulings regarding extensions of time doesn't make [me] appear big but instead bias." [*Id.* at 3, 5.]  This is not the first time Gist-Holden has filed a motion to recuse.  He filed one back

5

on July 15, 2022, when he was similarly disgruntled with my rulings in this case, which I denied. [DE 226, 229.]

Gist-Holden seeks my removal under several statutes. First, Gist-Holden moves for recusal under 28 U.S.C. § 455(a), which provides that the judge shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned. "[T]he appropriate inquiry under § 455(a) is whether an informed, reasonable observer would doubt the judge's impartiality." *Matter of Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1229 (7th Cir. 1988). Gist-Holden has not pointed to anything in this case that shows my impartiality might be reasonably questioned. Gist-Holden disagrees with many of my rulings and the rationales behind them. But "[b]y itself, an adverse judicial ruling does not provide a valid basis for questioning a judge's impartiality." *Thomas v. Dart*, 39 F.4th 835, 844 (7th Cir. 2022). As the Seventh Circuit noted, "[e]rrant decisions are grounds for appeal, not for seeking a judge's recusal." *Id.*

The other statute that deals with recusal is 28 U.S.C. section 144, which provides that whenever a party files a "timely and sufficient affidavit" that the judge of the party's case has a "personal bias or prejudice," the case shall be assigned to a different judge. 28 U.S.C. § 144. The bias must be personal rather than judicial, and "[t]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540,

6

541 (1994). Gist-Holden has not met the statutory requirements of section 144 either.

First, Gist-Holden did not file an affidavit. Second, Gist-Holden has not shown that any alleged personal bias stems from an extrajudicial source. My rulings in this case do not, by themselves, constitute a reason to recuse.

Therefore, the motion to recuse [DE 604] is denied.

## II.      Motions to Amend or Supplement the 2255

Gist-Holden filed a Motion for Leave to Amend Section 2255 Motion on January 5, 2026 [DE 595], Supplemental Motion to Vacate Pursuant to § 2255 on January 26, 2026 [DE 596], and Motion for Leave to Amend 2255 Motion on February 25, 2026 [DE 602].

"Because the Rules Governing Section 2255 Proceedings . . . do not deal with amendments to motions for collateral review," district courts rely on Federal Rule of Civil Procedure 15 to determine whether to grant a motion to amend. *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). Pursuant to Rule 15(a)(2), "[t]he court should freely give leave" to parties to amend their pleadings "when justice so requires." But the court can deny leave to amend when an amendment would be futile. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

Generally, a section 2255 motion "may be freely amended as long as the amendments do not add entirely new claims after the statute of limitations for filing the motion has passed." *United States v. Hull*, No. 2:02-CV-2, 2006 WL 752481, at *1 (N.D. Ind. Mar. 21, 2006) (citing *Rodriguez v. United States*, 286 F.3d 972, 980-81 (7th Cir. 2002); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). As discussed above, Gist-

7

Holden had until one year after certiorari was denied on February 24, 2025, *Hailey Gist-Holden v. United States,* 145 S. Ct. 1223 (Feb. 24, 2025), to file his section 2255 motion. Thus, all of his motions to amend (the last one being filed exactly one year after the judgment was final), were filed within the one-year time section 2255 time frame. Additionally, all three motions seem to contain additional argument for issues already raised in Gist-Holden's original 2255 motion, so it's sensible to grant the motions to amend.

The supplemental motions and motions to amend are therefore granted, and I have considered the arguments advanced at docket entries 595, 596, and 602, in ruling on Gist-Holden's section 2255 petition.

### III.    Motion for Discovery/To Inspect Documents

Gist-Holden filed a motion to compel/inspect discovery and request for documents, asking to inspect all of the trial evidence and exhibits, to inspect all of the items recovered from his storage unit, to order the government to make available for inspection all of the items that were recovered from the U-Haul van, and for a copy of his sentencing hearing transcripts. [DE 594.]

First, this Court has already provided Gist-Holden with a number of transcripts during this litigation, including: a paper copy of his trial transcript, a thumb drive containing his trial transcript, and a copy of the transcript for the proceedings held on March 7, 2022 and March 9, 2023.  [DE 379, 474.]

A § 2255 petitioner is not permitted discovery as a matter of course as in

8

ordinary civil litigation. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, "[a] party may invoke the processes of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." R. 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Good cause will be found where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at 908–09 (quoting *Harris*, 394 U.S. at 300, 89 S.Ct. 1082); *Brown–Bey v. United States*, 720 F.2d 467, 471 (7th Cir.1983) (applying the similarly worded Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts). When the discovery requested does not raise a constitutional issue, there is no good cause for the discovery. *United States v. Davuluri*, No. 02 C 50053, 2002 WL 1033097, at *1 (N.D. Ill. May 21, 2002) (denying a motion for discovery when the discovery requested raised an impeachment issue, not a constitutional issue).

Gist-Holden has never articulated why inspecting the items recovered from his storage unit and U-Haul would show he is entitled to relief and would show a constitutional violation. In this case, there were close to 500 exhibits at trial (including items like photographs from the scene, autopsy photographs, cell phones, videos, the lower receiver of a gun, and lab notes). [DE 328.] It would be logistically nearly impossible to arrange for a prisoner to have access to review all of the trial exhibits, not

to mention the fact that good cause has not been shown as to why such inspection is necessary. As such, the motion for inspection and to compel discovery is denied. Finally, I will note for the sake of completeness that Gist-Holden attached 26 pages of what appear to be trial exhibits and photographs entered into evidence at trial to his reply memorandum [DE 605-1] so he did have access to the trial exhibits.

## IV.    Motion for Evidentiary Hearing

Gist-Holden also filed two motions requesting an evidentiary hearing in this matter. [DE 598, 600.] It is well-established that a district court need not grant an evidentiary hearing in all section 2255 cases. A hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000). As detailed in the rest of this opinion, a hearing is not warranted because he is conclusively not entitled to any relief.

## V.    Section 2255 Petition

Now it's on to the main issue before me: whether Gist-Holden is entitled to relief under section 2255. Before addressing Gist-Holden's specific arguments, I note that a motion under section 2255 generally can't be used to relitigate matters that were raised on direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Likewise, a claim normally may not be raised for the first time in a section 2255 motion if it could have been raised at trial or on direct appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Thus, claims omitted on direct appeal can be considered on collateral

review *only* if the movant can show: (1) good cause for failing to raise the issue previously and actual prejudice from the alleged error; *or* (2) his actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

### A.    Whether Bank Robbery is a Crime of Violence

Gist-Holden argues for the first time that bank robbery is not a "crime of violence" that can support a conviction under 18 U.S.C. §924(c) [DE 580 at 1-4; DE 605 at 7-8.]  As an initial matter, this argument is procedurally defaulted because Gist-Holden failed to raise it on a direct appeal.  A claim that could have been, but was not, brought on appeal is procedurally defaulted and cannot later be raised in a section 2255 proceeding.  *See White v. United States*, 8 F.4th 547, 554-57 (7th Cir. 2021); *see also Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) ("Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted.").  If a petitioner has procedurally defaulted on a claim, he needs to show cause and prejudice, or a miscarriage of justice before he can raise the claim on collateral review.  *Cross v. United States*, 892 F.3d 288, 294-95 (7th Cir. 2018).  "To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Delatorre*, 847 F.3d at 843.  Alternatively, a showing of fundamental miscarriage of justice is a high bar that requires a showing of actual innocence. *White*, 8 F.4th at 557.

11

Gist-Holden did not argue before me or on direct appeal that bank robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c) and (j). Gist-Holden argues in his reply memorandum that he can show cause and prejudice to overcome the procedural default. [DE 605 at 4-6.] Specifically, he claims *United States v. Burwell*, 122 F. 4th 984 (D.C. Cir. 2024) (which, as discussed more later in this opinion he relies upon to argue bank robbery is not a crime of violence), was not decided until December 2024, after his appeal had been filed. [DE 605 at 6.] But that non-binding outlier case decided in the District of Columbia did not recognize a new right and make it retroactive to cases on collateral review. Therefore, this argument is procedurally defaulted and the Court need not consider it further. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) ("Claims are reviewed individually for purposes of determining whether they overcome a procedural default; each claim must meet the cause and prejudice test."); *Williams v. United States*, 805 F.2d 1301, 1304 (7th Cir. 1986) (a district court need not reach the merits of an issue in a section 2255 proceeding unless it has been raised in a procedurally appropriate manner).

In all events, even if I considered Gist-Holden's claim on the merits, it still fails. A "crime of violence" is defined as either a felony that (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3). Subpart (A) is commonly called the elements clause, and subpart

(B) is commonly called the residual clause.  The Supreme Court has held that the residual clause is unconstitutionally vague, *United States v. Davis*, 588 U.S. 445 (2019), so bank robbery only qualifies as a "crime of violence" if it categorically falls within the elements clause.

To make that determination, this Court should engage in a categorical analysis. *See Delligatti v. United States*, 604 U.S. 423, 426 (2025).  Gist-Holden cites *Delligatti* in his briefing, and it is true that the court applies a categorical approach to determine whether an offense falls within the elements clause. [DE 580 at 2-3.]  Under the categorical approach, the reviewing court will "look *only* to the statutory definitions—i.e., the elements—of a defendant's offenses, and not to the actual facts underlying those convictions." *Bridges v. United States*, 991 F.3d 793, 800 (7th Cir. 2021) (emphasis in original) (finding Hobbs Act robbery does not qualify as career offender predicate under the Guidelines because, unlike § 924(c), that definition does not include threats to property), citing *Descamps v. United States*, 570 U.S. 254, 261 (2013); *see also Taylor v. United States*, 495 U.S. 575, 600 (1990).  A prior conviction is a categorical match if the statute of conviction's elements are the same as, or narrower than, the federal recidivist definition.  *Descamps*, 570 U.S. at 261. The critical question is whether "there is any conduct that would violate [the statute] but would *not* qualify as a [violent felony]." *United States v. Montiel-Cortes*, 849 F.3d 221, 225 (5th Cir. 2017) (per curiam) (emphasis in original); *see also United States v. Campbell*, 865 F.3d 853, 856 (7th Cir. 2017) (question under the categorical approach is whether "the least serious acts that would satisfy the

13

statute" fall within the recidivist definition).

If a statute of conviction as a whole does not categorically qualify as a violent felony, the Court must decide if the statute is divisible by asking if it "comprises multiple, alternative versions of the crime." *Descamps*, 570 U.S. at 262. If the statute is divisible, the Court uses the modified categorical approach to decide whether the defendant was convicted of a qualifying crime. *Taylor*, 495 U.S. at 599, 602. Under the modified categorical approach, the Court examines a limited class of conviction documents—typically the charging instrument, plea agreement, and guilty plea colloquy—to determine whether the defendant necessarily admitted elements that would qualify as an ACCA predicate. *Shepard v. United States*, 544 U.S. 13, 16, 26 (2005). The modified categorical approach comes into play only when a statute contains alternative elements "some of which may be crimes of violence and some not." *United States v. McDonald*, 592 F.3d 808, 810 (7th Cir. 2010).

Here, Count One charged Gist-Holden with bank robbery and "in committing such offense did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm; and further, in committing such offense defendant did kill [victim] in violation of Title 18 United States Code, Section 2113(a), (d), & (e)." [DE 152 at 1-2.] The jury was instructed that it could find Defendant guilty of § 924(c) if it found he committed bank robbery and knowingly used or carried a firearm during the crime. [DE 320, Instruction 32.] The jury also returned a separate verdict finding that, not only did Gist-Holden commit bank robbery, but he committed bank robbery

14

that resulted in murder in violation of 18 U.S.C. § 2113(a), (d), and (e). [DE 323.]  This

was all entirely appropriate as the Seventh Circuit has decided that simple federal bank

robbery is a crime of violence under the elements clause for purposes of 18 U.S.C. §

924(c); *United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016).  In other words, "[a]

defendant properly convicted of bank robbery is guilty per se of a crime of violence,

because violence in the broad sense that includes a merely threatened use of force is an

element of every bank robbery."  *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991);

*see also United States v. Bevly*, 110 F.4th 1043, 1048-49 (7th Cir. 2024).

Nothing in *United States v. Burwell*, 122 F. 4th 984 (D.C. Cir. 2024), the case upon

which Gist-Holden principally relies, mandates a different result.  In *Burwell*, the D.C.

Circuit held that Section 2113(a) — which criminalizes bank robbery "by force and

violence, or by intimidation," or "by extortion" — does not qualify as a "crime of

violence" under 18 U.S.C. 924(c)'s elements clause because the first paragraph of the

statute is "indivisible as to extortion," and extortion need not involve the use or threat

of force.  *Burwell*, 122 F. 4th at 986.  Importantly, every other circuit court to consider the

question — both before and after *Burwell* was decided — has reached the opposite

conclusion: that the first paragraph of Section 2113(a) is divisible into the separate

offenses of bank robbery and bank extortion, and bank robbery under Section 2113(a)

qualifies as a "crime of violence" under Section 924(c)(3)'s elements clause.  *See United*

*States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018); *United States v. Evans*, 924 F.3d 21, 28

(2d Cir. 2019); *King v. United States*, 965 F.3d 60, 67-70 (1st Cir. 2020); *United States v.*

*Armstrong*, 122 F.4th 1278, 1286 (11th Cir. 2024); *United States v. Vines*, 134 F.4th 730,

733-735 (3d Cir. 2025).  The Seventh Circuit has reached a similar conclusion when considering Hobbs Act robbery, finding Hobbs Act robbery and Hobbs Act extortion are divisible crimes.  *United States v. Hatley*, 61 F.4th 536, 538-39 (7th Cir. 2023).  There is no reason to believe to the contrary, especially when the jury was instructed here that Gist-Holden was charged with committing bank robbery rather than extortion.

To the extent Gist-Holden argues in his motion to amend his section 2255 motion that the bank robbery statute is unconstitutionally vague [DE 595 at 1-2], this theory is debunked by *United States v. Armour*, 840 F.3d 904, 907-08 (7th Cir. 2016), where the Court held that bank robbery under section 2113(a) is a crime of violence under section 924(c)'s elements clause, which is not unconstitutionally vague.

Finally, Gist-Holden also argues in a supplemental memorandum that his "two separate convictions for a single act that violates both 18 U.S.C. § 924(c) and 924(j)" constitutes a double jeopardy violation under *Blockburger v. United States*, 284 U.S. 299 (1932).  [DE 602 at 2; see also DE 605 at 27.]  This double jeopardy argument has been refuted by the Supreme Court of the United States in *Lora v. United States*, 599 U.S. 453, 461 (2023).  Gist-Holden cites to the recent case of *Barrett v. United States*, 607 U.S. 128 (2026), in support of his double jeopardy argument [DE 605 at 27], but *Barrett* involved a defendant who was convicted on one count for violation of section 924(c)(1)(A)(I), and another separate count for violation of section 924(j)(1).  *Id.* at 487.  While it is true the Court held "Congress has not authorized convictions under both 18 U.S.C. §§ 924(c)(1)(A)(I) and (j) for one act that violates both provisions," in this case, Gist-Holden was not convicted of two separate counts for one act.  *Id.* at 497.  Gist-Holden was not

16

convicted of two separate counts relating to the use of the firearm. Instead, he was convicted of one count—Count 3—which charged use of a firearm during a crime of violence resulting in murder in violation of 18 U.S.C. § 924(c)(1)(A) and (j). [DE 152 at 4.] Thus there is no double jeopardy violation.

### B.    Sufficiency of Evidence to Convict Gist-Holden

Gist-Holden also argues throughout his briefing that the evidence presented at trial was insufficient to convict him. He characterizes this in different ways—such as he was denied equal protection because the government failed to prove guilt beyond a reasonable doubt [DE 580 at 4-5; DE 605 at 10-11]; he concedes on direct appeal he argued that his conviction violated his Fifth Amendment due process rights because reasonable doubt remained [DE 580 at 5]; he cites to trial testimony claiming it raises reasonable doubt as to the government's case against him because it was incredible or not believable or just plain false [*Id.* at 6-9; DE 596 at 3-15; DE 605 at 17-21]; he refers to the fact that his DNA and fingerprints were not found at the crime scene [DE 580 at 8]; he claims the government failed to prove its case against him [DE 596 at 2]; he claims the lack of identification by bank surveillance video and bank employees raised a reasonable doubt [DE 605 at 11]; he argues the government did not present any text messages where Gist-Holden was discussing the crime [*Id.* at 12]; he argues about the getaway car [*Id.* at 13-14]; he attacks the testimony of the government's ballistic expert [*Id.* at 15]; and he questions the cell-site data [*Id.* at 16].

Gist-Holden argued to the Seventh Circuit on appeal "that the government failed to meet its burden to prove at trial he committed the murder and armed robbery." *Gist*

17

*Holden*, 2024 WL 3374187, at *6.  As the Seventh Circuit noted, he cited "various perceived holes in the government's case" including testimony by unreliable witnesses and "that none of his DNA or fingerprints were found at the crime scene."  *Id.*  The Court found "[t]he evidence against Gist-Holden is overwhelming" and "[t]he holes that Gist-Holden points to are trivialities when weighed against the evidence of his guilt and did not require the jurors to reject the amply evidence against him."  *Id.*

Because Gist-Holden previously raised the sufficiency of evidence on appeal, he is barred from relitigating that now.  "Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." *Varela*, 481 F.3d at 935; *White v. United States*, 371 F.3d 900 (7th Cir. 2004) (the court forbids a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal). Gist-Holden has not identified any changed circumstances, and he cannot overcome the procedural hurdle that these issues were already decided on his direct appeal.  *United States v. Bethany*, 975 F.3d 642, 651 (7th Cir. 2020).

Even if I were to consider this argument on the merits, like the Seventh Circuit, I conclude there was overwhelming and ample evidence introduced at trial to sustain his conviction.  The evidence included surveillance video outside and inside the bank, text messages and photos taken during the planning meeting, photos of Gist-Holden fleeing in the getaway car, firearm and ballistic evidence linking him to the crime, cell phone records, location data, compelling and believable testimony from his co-defendants, Gist-Holden's flight from authorities and his own statements to law enforcement offering to "work off" the crime.  And then there was the damning

testimony of his co-defendants, Kenyon Hawkins and James King.  In short, there was a mountain of compelling evidence against Gist-Holden, and the jury was well within its right to find him guilty of the crimes.

Finally, Gist-Holden filed a motion for judicial notice of adjudicative facts [DE 593], requesting the court take judicial notice of certain facts at trial which Gist-Holden insinuates show the government did not prove beyond a reasonable doubt his guilt. This motion will be denied as moot.  I have considered the evidence and testimony presented at trial, and other evidence in the record, and need not take judicial notice of anything.

\* \* \*

One last note.  I have tried to address all of the arguments Gist-Holden articulated in his section 2255 and his supplemental briefs.  However, to the extent I have inadvertently not addressed an argument that Gist-Holden set forth in his voluminous pleadings, I now state for the record that I have read all of his submissions with care, and I am convinced there has been no violation of constitutional proportions that would warrant a granting of his section 2255 motion.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Gist-Holden has not stated any grounds for relief under section 2255.  The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further.  Therefore, a certificate of appealability will not be issued.  28 U.S.C. § 2253(c)(2); *Welch v. United States*, 136 S. Ct. 1257, 1263-64 (2016).  If Gist-Holden wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure Rule 22.

### Conclusion

For the foregoing reasons, Gist-Holden's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 580] is **DENIED**, and a certificate of appealability is also **DENIED**.  The Clerk shall enter judgment against Gist-Holden and in favor of the United States in the civil case opened on the § 2255, Cause No. 2:25-cv-452.

**ADDITIONALLY:**

The motions to amend [DE 595, 596, 602] are **GRANTED** as to Gist-Holden's ability to amend and supplement his arguments set forth in his section 2255 petition,

but the arguments set forth in those motions [DE 595, 596, 602] are **DENIED**.

Gist-Holden's motion for judicial notice of facts [DE 593] is **DENIED AS MOOT**.

Gist-Holden's motion to recuse [DE 604] is **DENIED**.

Gist-Holden's motion to compel discovery/inspect documents [DE 594] is

**DENIED**.

Gist-Holden's motions requesting an evidentiary hearing in this matter [DE 598, 600] are **DENIED**.

 The Clerk is **ORDERED** to mail a copy of this opinion to Gist-Holden.

SO ORDERED.

ENTERED:  June 11, 2026.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT